UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

LARRY S. COMBS, III,

    Defendant/Movant.

No. 2:17-CR-20-DLB-HAI

RECOMMENDED DISPOSITION AND ORDER

\*\*\*    \*\*\*    \*\*\*    \*\*\*

The Court considers Defendant Larry Combs's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 and supplement to that motion. D.E. 68, 70. Section 2255 provides that a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Combs is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Despite that lenient construction, Combs's various claims are either barred or do not entitle him to relief under 28 U.S.C. § 2255. Therefore, the undersigned recommends that his motion be denied.

### I.   Background and § 2255 Motion

On June 22, 2017, a federal grand jury returned an indictment charging Combs and James A. Cole with conspiracy to distribute and possess with intent to distribute heroin, and two counts of aiding and abetting each other in the distribution of heroin. D.E. 3-1 at 2-4. Combs was charged individually with four counts of distribution of crack. *Id*. at 3-4.

Combs was arraigned on July 11, 2017, and pled not guilty. D.E. 13. A superseding indictment was returned by the grand jury on September 14, 2017, which added crack to the conspiracy charge and a new charge against Combs of felon-in-possession of two firearms. D.E. 29 at 1, 4. He again pled not guilty on September 21, 2017. D.E. 35.

Originally, David B. Sloan was appointed to represent Combs pursuant to the Criminal Justice Act (D.E. 13), but Sloan's motion to withdraw was granted and Christopher L. Jackson was appointed as replacement counsel. D.E. 39 at 2.

On December 1, 2017, Combs pled guilty to conspiracy to distribute crack. D.E. 55. His sentencing occurred on March 22, 2018. D.E. 62. Combs was sentenced to 138 months of imprisonment, to be followed by ten years of supervised release. D.E. 63 at 2-3. At sentencing, Combs's counsel conceded he qualified as a career offender pursuant to U.S.S.G. § 4B1.1. D.E. 76 at 3.

Combs did not pursue an appeal. D.E. 68 at 2. However, on June 14, 2018, the Clerk docketed the § 2255 motion currently under consideration. *Id.* The motion asserts three grounds for relief. First, Combs claims a due process violation under the Fifth Amendment because the

2

"Prosecutor obtained conviction by failure to disclose to the defendant evidence favorable to the defendant . . . . Prosecutor . . . knew defendant has no co-conspirators and Covington Police Dept. (C.P.D.) wrongfully identified a man as co-conspirator who was later released." D.E. 68 at 4. In ground two, Combs claims another due process violation on the basis that the "District Court incorrectly enhanced defendant as a career offender under 4B1.1 using defendant[']s prior 2925.03 O.R.C. – Trafficking." *Id*. at 5. In ground three, Combs claims his guilty plea was "unknowing" and "unintelligent" based upon various assertions of ineffective assistance of counsel. *Id*. at 6.

In each of his three grounds, Combs states "See attached Supplemental brief Pursuant to 2255 and Affidavit of Facts." D.E. 68 at 4, 5, 6. Combs's § 2255 motion included a two-page "Affidavit of Fact(s)" and several exhibits. D.E. 68-1, 68-2. On the same day that the Clerk docketed Combs's § 2255 motion, the Clerk also filed Combs's Motion to Supplement Motion to Vacate, Set Aside, or Correct Sentence that sets forth additional argument. D.E. 70. The Court has fully considered the original § 2255 motion and the content of the motion to supplement.

Combs requests that the Court "vacate [his] sentence and remand for resentencing de novo in the interest of justice, fairness, integrity of the judicial proceedings." *Id*. at 6.

**II.     Combs Validly Waived His Claims Other Than Ineffective Assistance of Counsel**

If done knowingly and voluntarily, a criminal defendant may, by the terms of the plea agreement, waive his right to file a direct appeal and his right to collaterally attack his conviction and sentence under § 2255. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). Combs made such a waiver. His plea agreement states that, "[e]xcept for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." D.E. 56 at 4. A prisoner may challenge the validity of such a waiver on the basis

3

that "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Combs claims that his guilty plea was "unknowing" and "unintelligent" based upon various assertions that his counsel performed ineffectively. A claim of ineffective assistance of counsel has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second component, "the defendant must show that the deficient performance prejudiced the defense." *Id.*

To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. However, a reviewing court may not second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not

4

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Id.* at 695. To show prejudice in the guilty plea context, a movant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015), *reh'g denied*, 135 S. Ct. 2345 (2015).

A defendant has the burden of making both showings. *Strickland*, 466 U.S. at 687. However, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

Combs's primary claim of ineffective assistance of counsel is that his plea was neither knowing nor intelligent because there were "no known co-conspirators." D.E. 68 at 6. He relies upon the dismissal of his original co-defendant, James A. Cole, contending that that dismissal was the result of mistaken identity. D.E. 70 at 3-4. It is true that Cole was dismissed from the case on the government's motion. D.E. 48, 49. But, that dismissal did not affect the viability of the conspiracy charge against Combs. Combs seems to think that his lawyer should have moved to dismiss the indictment on the basis that no co-conspirators were actually identified by the government. He contends that the dismissal of Cole meant "Charges should've been dismissed against both parties." D.E. 68-1 at 2.

Combs misunderstands the law. The law is well-settled that a "defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a

5

prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Furthermore, notice of the existence of the conspiracy by way of the indictment is sufficient, and "it is not essential that a conspirator know all other conspirators." *Id*. Because there was no law whatsoever to rely on to challenge the charged conspiracy on the basis that the co-conspirator's identity was unknown, Combs's lawyer did not perform deficiently in either failing to raise this issue with Combs before he pled guilty or in failing to file a motion to dismiss. Thus, the main thrust of Combs's contention that his counsel was ineffective does not provide a basis to invalidate his guilty plea or collateral-attack waiver.

Combs makes additional claims of ineffective assistance of counsel concerning his guilty plea, but they fare no better. First, he contends his lawyer "failed to deliver discovery material shared between Prosecutor and attorney." D.E. 68 at 6. But neither his original motion, affidavit, supplement, nor reply identify any particular piece of discovery that he claims he did not see or how it might have impacted his decision to plead guilty. This claim is therefore too conclusory to afford Combs a basis to set aside his plea. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (finding that a conclusory statement is insufficient to raise the issue of ineffective assistance of counsel). Additionally, the record directly contravenes Combs's claim. During his rearraignment, District Judge Bunning explained what discovery is and asked Combs, "Have you had a chance to review the discovery that Mr. Jackson got? Have you gone over that with him?" D.E. 75 at 4. Under oath (*Id.* at 3), Combs responded, "I reviewed the discovery with the previous lawyer." *Id*. at 4. Judge Bunning repeated, "The bottom line is you went through the discovery with the prior lawyer?" and Combs responded, "Yes, sir." *Id*. A defendant's "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v.*

6

*Allison*, 431 U.S. 63, 74 (1977).  Combs's conclusory allegation that he did not review the discovery is precisely the type of ineffective assistance claim that is barred by *Blackledge*.  Thus, his guilty plea and collateral-attack waiver are not affected by this claim.

Combs also claims that his counsel was ineffective for failing to challenge his designation as a career offender.  D.E. at 70 at 4.  Any such deficient performance necessarily would have occurred during the sentencing hearing.  Combs does not claim that such deficient performance infected his decision to plead guilty.  Even if he made that assertion, it would be refuted by the record.  During his rearraignment, it was expressly noted that the plea agreement reserved his ability to argue against being deemed a career offender.  D.E. 75 at 12, 15.  Judge Bunning described the career offender guideline and the process for determining whether Combs would qualify, and asked Combs, "[a]gain, until they [the USPO] finish the presentence report and I get something in writing from them, I can't say definitively, yes or no, whether you are a career offender.  Do you understand that?"  *Id*. at 13.  Combs responded, "Yes, sir."  *Id*.  Thus, any claim of ineffective assistance concerning the career offender issue does not invalidate Combs's guilty plea or collateral-attack waiver.

Because Combs's guilty plea was valid, his collateral-attack waiver remains in effect. Federal Rule of Criminal Procedure 11 governs plea colloquies.  The Rule is meant to ensure that the district court is satisfied that a guilty plea is made knowingly, voluntarily, and intelligently. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005).  Rule 11 requires the court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged."  *Id.* at 378-79.  Combs does not claim any Rule 11 defect concerning his guilty plea.  When the district court "has scrupulously followed the [Rule 11]

required procedure" during a plea colloquy, "the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Accordingly, in cases where the court has followed Rule 11's procedural requirements, "absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, *a defendant's plea agreement consists of the terms revealed in open court*." *Id*. (emphasis in original). The prosecutor highlighted the collateral-attack waiver during Combs's rearraignment. D.E. 75 at 16. Judge Bunning later covered the waiver in detail and confirmed Combs understood its meaning and effect. *Id*. at 25.

In sum, Combs is bound by the waiver in his plea agreement that states "[e]xcept for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." D.E. 56 at 4. This waiver bars his due process claims in grounds one and two of his § 2255 motion, including that the district court erred in classifying him as a career offender. Only claims of ineffective assistance of counsel can therefore be properly considered by the Court.

### III. Ineffective Assistance of Counsel

The Court has found above that Combs's various claims of ineffective assistance of counsel concerning the validity of his guilty plea are legally insufficient. Although not identified as a stand-alone ground for relief in his § 2255 motion, Combs contends his counsel was ineffective because he "did not argue the validity of whether Combs' O.R.C. § 2925.93, Trafficking conviction qualified as an enumerated offense for Career Offender enhancement under § 4b1.1 and allowed the Court to by pass submitting relevant 'Shepard' documents, supporting the 'modified categorical approach.'" D.E. 70 at 4. He appears here to rely upon the substance of his

8

due process argument, specifically that, under *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), his Ohio trafficking conviction does not qualify as a "controlled substance offense" for purposes of the career offender enhancement, and, as a result, his counsel should have relied upon that authority to argue against the enhancement.

It is true that Combs's counsel conceded he qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). D.E. 76 at 3. A review of the record indicates this was a reasoned choice rather than deficient performance that prejudiced Combs.

Section 4B1.1(a) of the Guidelines defines "Career Offender" for sentencing purposes:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

It is undisputed that components (1) and (2) of this definition were met in Combs's case. It is also undisputed that Combs had a felony conviction for assault in Ohio imposed in 2006 that qualified as a crime of violence, so component (3) is, in part, not in controversy.

Combs disputes whether his criminal history also includes a qualifying "controlled substance offense" so as to fully satisfy component (3). Section 4B1.2(b) defines a controlled substance offense as:

An offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute or dispense.

According to Combs's Pre-Sentence Investigation Report ("PSR"), in 2006, Combs was charged with Trafficking in Cocaine in the Common Pleas Court of Ohio. PSR, ¶ 48. He was

9

convicted in May 2007 and sentenced to 6 years of imprisonment, concurrent with a shorter sentence imposed on another charge in the case. *Id.* The PSR further states:

> Records reflect that the defendant was represented by counsel. The grand jury returned a three-count indictment charging the defendant with weapons and trafficking/possessing cocaine. . . . Count Two charged that on or about July 14, 2006, the defendant knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a Schedule II controlled substance, to wit: crack cocaine, when he had reasonable cause to believe that the controlled substance was intended for sale by him or another in an amount equal to or exceeding 10 grams, but less than 25 grams.

*Id.*

Combs contends this conviction does not fit the definition of a controlled substance offense because, in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), the Sixth Circuit held that two subsections of Ohio Revised Code § 2925.03 "do not qualify as 'controlled substance offenses' under U.S.S.G. § 4B1.1" *Montanez*, 442 F.3d at 494. Combs contends he was convicted under the same statute, so his lawyer should have relied upon *Montanez* to argue against the career offender enhancement.

The problem for Combs is that *Montanez* does not apply to his case. The *Montanez* court only addressed the then-existing subsections (6) and (9) of O.R.C. § 2925.03(A). The court reasoned that "[i]t is abundantly clear from the plain language of [these] statutes of conviction that each contains *only* the element of 'possession' and *does not* contain the element of 'intent to distribute'" *Id.* at 492 (emphasis in original). Without that intent component, these subsections of the statute did not qualify as "controlled substance offenses." *Montanez*, and its reasoning, are limited to those two subsections of the statute.

According to the information in the PSR, Combs's 2007 trafficking conviction was under a different subsection of the statute that has been held to qualify as a "controlled substance

10

offense." In *United States v. Robinson*, 333 F. App'x 33 (6th Cir. 2009), the Sixth Circuit acknowledged *Montanez*, but held that subsection (A)(2) of the statute was a controlled substance offense. That portion of the statute stated no person shall "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another[.]" *Robinson*, 333 F. App'x at 35. In *Robinson*, this language was quoted in the indictments at issue. The Sixth Circuit held that that language in the indictments "conclusively establishe[d]" that the conviction qualified as a controlled substance offense. *Id*. at 35-36.

Combs's case fits squarely within *Robinson*. The PSR describes the indictment in the Ohio trafficking case as stating that Combs

> knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a Schedule II controlled substance, to wit: crack cocaine, when he had reasonable cause to believe that the controlled substance was intended for sale by him or another in an amount equal to or exceeding 10 grams, but less than 25 grams.

PSR, ¶ 48. As in *Robinson*, "[b]ecause [the statute] includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)." *Robinson*, 333 F. App'x at 36. The Sixth Circuit continued, "[w]here the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged." *Id*.[1] Under *Robinson*, Combs's counsel had no basis to argue that his 2007 trafficking conviction was not a controlled substance offense.

---

[1] The *Montanez* court recognized that the language of O.R.C. § 2925.03(A)(2), under the categorical approach, does not determinatively answer whether a conviction under that subsection would qualify as a controlled substance offense. *Montanez*, 442 F.3d at 493. As a result, the *Montanez* court recognized that looking to the indictment at issue is appropriate. *Id*.

11

The holding of *Montanez* did not apply to Combs's case. Instead, then-existing Sixth Circuit law included Combs's 2007 trafficking conviction within the definition of a controlled substance offense. Thus, Combs's counsel did not perform deficiently in failing to rely upon *Montanez*, and Combs would still have been a career offender even if the issue had been raised. Therefore, Combs's claim of ineffective assistance of counsel fails.

### IV.   Conclusion

First, **IT IS HEREBY ORDERED** that Combs's Motion to Supplement Motion to Vacate, Set Aside, or Correct Sentence (D.E. 70) is **GRANTED**. The arguments presented in that Supplement have been fully considered by the undersigned. Second, **IT IS FURTHER ORDERED** that the Clerk file Combs's Pre-Sentence Investigation Report in the record **UNDER SEAL**.

However, Combs has not met his burden of establishing ineffective assistance of counsel as alleged in ground three so as to render his guilty plea unknowing or unintelligent. As such, his collateral attack waiver bars his two due process claims asserted in grounds one and two. His only stand-alone claim of ineffective assistance of counsel fails because there was no basis to challenge his designation as a career offender. The undersigned therefore **RECOMMENDS** that Combs's 28 U.S.C. § 2255 motion (D.E. 68) be **DENIED**.[2]

---

[2] Although Combs does not expressly request an evidentiary hearing, the Court notes that none is warranted. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); s*ee also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Here, the record "conclusively shows" Combs is not entitled to relief, so no hearing is warranted. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). The Court has considered the issuance of a certificate of appealability as to each claim presented by Combs. However, no reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no certificate of appealability should issue.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b) of the Rules Governing Section 2255 Proceedings. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of January, 2019.

Signed By:
*Hanly A. Ingram*
**United States Magistrate Judge**