UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 17-20-DLB-HAI-1
CIVIL ACTION NO. 18-103-DLB-HAI

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.         **ORDER ADOPTING REPORT AND RECOMMENDATION**

LARRY S. COMBS III                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.    INTRODUCTION

This matter is before the Court on Defendant Larry S. Combs III's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. # 68). Consistent with local practice, this matter was referred to United States Magistrate Judge Hanly A. Ingram for the purpose of reviewing the Motion and preparing a Report and Recommendation ("R&R"). On January 29, 2019, Judge Ingram issued his R&R, wherein he recommends that Defendant's Motion be denied. (Doc. # 85). Defendant having filed Objections to the R&R (Doc. # 88), and the United States having responded (Doc. # 89), the R&R is now ripe for the Court's review. For the reasons set forth herein, Defendant's Objections (Doc. # 88) are **overruled** and the R&R (Doc. # 85) is **adopted** as the findings of fact and conclusions of law of the Court.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2017, Defendant Larry Combs pled guilty to conspiring to distribute heroin and crack cocaine. (Docs. # 29, 55, and 56). At sentencing, Defendant's

1

counsel, Christopher L. Jackson, conceded that Combs qualified as a career offender under the Sentencing Guidelines. (Doc. # 76 at 3). Defendant was sentenced to 138 months of imprisonment, to be followed by ten years of supervised release. (Docs. # 62 and 63). Defendant did not appeal his conviction or sentence. (Doc. # 68 at 2).

On June 14, 2018, Defendant filed the instant Motion to Vacate, in which he raised three arguments. First, Defendant asserted that the federal prosecutor in his case failed to disclose exculpatory evidence in violation of his due process rights pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 4. Second, Defendant alleged that he was improperly classified as a career offender based on his prior conviction for drug trafficking in Ohio state court. *Id.* at 5. Third, Combs made several claims of ineffective assistance of counsel ("IAC"), including that his attorney performed deficiently by failing to challenge Defendant's conspiracy charge. (Doc. # 70 at 4). Defendant also claimed that his guilty plea—which included an appeal and collateral-attack waiver—was unknowing and unintelligent because his counsel was ineffective. (Doc. # 68 at 6). In support of his Motion to Vacate, Defendant submitted a memorandum, two exhibits, and a Supplement. (Docs. # 68-1, 68-2, and 70). The United States filed a Response in Opposition. (Doc. # 81) and Defendant submitted a Reply. (Doc. # 84).

In his R&R, Judge Ingram found that by pleading guilty, Combs validly waived all claims other than ineffective assistance of counsel ("IAC"), and thus his Plea Agreement barred his *Brady* claim and his career-offender claim. (Doc. # 85 at 3-8). Judge Ingram also rejected Defendant's argument that his attorney was ineffective for failing to challenge Combs's classification as a career offender, finding that Defendant's prior trafficking conviction was sufficient to qualify as a career-offender predicate under *United*

States v. Robinson, 333 F. App'x 33 (6th Cir. 2009). *Id.* at 11. Finally, Judge Ingram found that Defendant's attorney had not been ineffective for failing to challenge the Indictment, which charged Defendant with conspiracy to violate the drug laws. *Id.* at 5-6.

Defendant filed Objections to Judge Ingram's R&R on February 22, 2019. (Doc. # 88). The United States filed a Response to the Objections on March 8, 2019. (Doc. # 89).

### III. ANALYSIS

#### A. Standard of Review

The Court reviews *de novo* those portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, or the objections are vague or conclusory, the Court is not required to review under any standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). The findings of fact and conclusions of law in the R&R to which Defendant has not objected are adopted as the Court's. *Arn*, 474 U.S. at 150.

Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). Thus, "objections that merely restate

3

arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011). Where an objection is simply a repetition of what the magistrate judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938).

### B. Defendant's Objections[1] are overruled.

#### i. Defendant's conspiracy conviction was valid.

Defendant first objects to Judge Ingram's conclusion that there was sufficient evidence to find Defendant guilty of conspiracy to distribute narcotics—and by extension, that Defendant's attorney was not ineffective for failing to argue that the conspiracy charge should be dismissed. (Doc. # 88 at 2-3, 6-7). Defendant's Objection is meritless. The Superseding Indictment from September 14, 2017 alleges that Defendant and James Cole "did conspire with one another *and others*" to distribute controlled substances. (Doc. # 29 at 1) (emphasis added). When it came to light that James Cole was misidentified as Combs's co-conspirator, the United States dismissed all charges against Cole. *See* (Docs. # 48 and 49). During a proffer with the Government on November 8, 2017, Defendant confirmed that Cole was not involved in the conspiracy and revealed that his

---

[1] In his Objections, Defendant alleges that his attorney was constitutionally ineffective because of his "failure and refusal to file an appeal after being instructed to do so." (Doc. # 88 at 7). The Court recognizes that such an allegation, if not contradicted by the record, would ordinarily entitle Defendant to an evidentiary hearing. Defendant, however, failed to make this allegation in his original Motion to Vacate (Doc. # 68) or in his Supplemental Memorandum (Doc. # 70). Rather, he waited until he filed his objections to make such an allegation. For this reason, Defendant has waived his IAC claim as it pertains to his attorney's failure to file a notice of appeal. *See Murr v. United Sates*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (stating that absent "compelling reasons," the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

co-conspirator was in fact an individual by the name of "Gilley." (Doc. # 81-1) (affidavit of Christopher Jackson). Combs later admitted in his Plea Agreement that he conspired with Gilley. (Doc. # 56 at 1-2).

Defendant argues that once all charges were dismissed against his co-defendant, the government could no longer prove a conspiracy. As Judge Ingram correctly observed, however, "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). It follows that a defendant may be convicted of a conspiracy even after his sole co-defendant is dismissed from the case if there is evidence of a conspiracy with another, unindicted individual. *United States v. Otobo*, 995 F.2d 1068, 1993 WL 196053, at *3-4 (6th Cir. 1999) (per curiam) (unpublished table decision). Such is the case here, as Defendant admitted in his Plea Agreement that he conspired with Gilley to distribute heroin and crack cocaine. He may not walk back from that admission now. *See United States v. Conyers*, 603 F. App'x 462, 465 (6th Cir. 2009) (finding that "[t]he admissions in [defendant's] plea agreement establish the elements of [conspiracy]."). Therefore, the Magistrate Judge did not err in finding Defendant's conspiracy conviction to be valid and Defendant's Objection on this basis is **overruled**.

Judge Ingram was also correct in denying Defendant's IAC claim as it related to his attorney's failure to challenge the Indictment charging Defendant with conspiracy. To establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance was prejudicial. *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984). As any challenge to the validity of Defendant's conspiracy conviction would have been meritless, Defendant's attorney's failure to raise the issue cannot be considered ineffective assistance of counsel. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Thus, this Objection is **overruled**.

### ii. Defendant's *Brady* Claim is meritless

In his original Motion to Vacate, Defendant asserted that the United States withheld exculpatory evidence, namely that Combs's alleged co-defendant James Cole was wrongfully identified and would be dismissed from the case. (Doc. # 68 at 4). In a related claim, Defendant argued that his attorney was ineffective for "fail[ing] to deliver discovery material shared between Prosecutor and attorney." *Id.* at 6. Judge Ingram found Defendant's arguments to be conclusory and therefore waived. (Doc. # 85 at 6). Defendant again raises the same issues in his Objections. (Doc. # 88 at 8). The Court concurs with Judge Ingram and finds that Defendant waived these arguments by failing to develop them. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

Even were the Court to consider Defendant's *Brady* argument, it would necessarily fail. "Constitutional error results from a *Brady* violation only 'if there is a reasonable probability that, had the evidence been disclosed to his defense, the result of the proceeding would have been different.'" *United States v. Mims*, No. 13-3136, 2013 U.S. App. LEXIS 26200, at *8 (6th Cir. Sept. 25, 2013) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). As discussed above, Cole's dismissal from the case had no bearing on whether the United States could prove Combs's involvement in a drug conspiracy, as Combs later admitted to conspiring with a third individual (Gilley). Consequently, Combs cannot show that he was prejudiced by the government or his

attorney withholding information regarding Mr. Cole. Defendant's Objection on this basis is therefore **overruled**.

### iii. Defendant may not challenge his career-offender designation.

Defendant also contends that Judge Ingram erred in finding that Defendant was properly sentenced as a career offender. Unfortunately for Defendant, any challenge to his career-offender designation is barred by the waiver in his Plea Agreement, which waived Defendant's right to appeal and collaterally attack his conviction and sentence. The Sixth Circuit has held that a Defendant may waive his right to appeal or collaterally attack the district court's application of the career-offender enhancement. *Parrish v. Kizziah*, No. 18-5085, 2018 U.S. App. LEXIS 23540, at *2-3 (6th Cir. Aug. 21, 2018); *United States v. Grundy*, 580 F. App'x 400, 401 (6th Cir. 2014). A defendant's waiver is enforceable unless it was "involuntary or the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Combs has not established that his waiver was involuntary, as he expressly stated to the undersigned during his plea hearing that he understood and agreed to the terms of the waiver. (Doc. # 75 at 24-25); *see Jackson v. Smith*, No. 16-2156, 2017 U.S. App. LEXIS 21683, at *7 (6th Cir. Oct. 27, 2017) (holding that the defendant was "bound by his representations at the plea colloquy absent other evidence demonstrating that his plea was involuntary") (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). Nor can Defendant demonstrate that his waiver was the product of ineffective assistance of counsel. As Judge Ingram explained, Combs was aware that his career-offender status had yet to be determined at the time he signed his Plea Agreement. *See* (Doc. # 85 at 7) (citing Doc. # 75 at 12, 15). As such, even assuming as true Defendant's allegation

that his attorney was deficient for failing to challenge his career-offender enhancement during sentencing (which, as discussed *infra*, was not the case), such deficient representation would not have affected Defendant's decision to waive his rights, which occurred months earlier when he pled guilty. As Defendant knowingly and voluntarily waived his collateral-attack rights, he is not entitled to challenge the sentencing court's career-offender determination. Therefore, Defendant's Objection to the Magistrate Judge's finding on this issue is **overruled**.

> iv. **Defendant's counsel was not ineffective for failing to challenge Defendant's career-offender designation.**

Defendant next objects to Judge Ingram's recommendation that his IAC claim be dismissed as it pertains to his attorney's decision not to challenge his career-offender designation at sentencing. (Doc. # 88 at 5-7). This Objection is also meritless. Judge Ingram correctly concluded that Defendant's prior drug-trafficking conviction in Ohio state court qualified as a "controlled substance offense" under § 4B1.1. Although the Defendant's Presentence Report does not specify which Ohio statute Defendant was convicted under, it notes that the indictment alleged that Defendant

> "knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a Section II controlled substance, to wit: crack cocaine, when he had reasonable cause to believe that the controlled substance was intended for sale by him or another in an amount equal to or exceeding 10 grams, but less than 25 grams.

(Doc. # 86 at 12).

This language from the indictment essentially tracks the language of Ohio Rev. Code § 2925.03(A)(2). The Sixth Circuit has held that "[w]here the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not also identified by its number does not create any reasonable doubt about

8

which subsection has been charged." *United States v. Robinson*, 333 F. App'x 33, 36 (6th Cir. 2009). Thus, the record reveals that Defendant was convicted of a violation of Ohio Rev. Code § 2925.03(A)(2). The Sixth Circuit has concluded that § 2925.03(A)(2) criminalizes the "possession of a controlled substance with intent to distribute it" and therefore constitutes a "controlled substance offense" for purposes of the career-offender enhancement. *See Robinson*, 333 F. App'x at 35-36. District courts within the Sixth Circuit have recently come to the same conclusion. *See, e.g., Bullard v. United States*, No. 1:14-cr-411, 2017 WL 2291419, at *5 (N.D. Ohio May 25, 2017); *Nesbitt v. United States*, No. 2017 U.S. Dist. LEXIS 165394, at *4 (N.D. Ohio Oct. 5, 2017).

Defendant insists that his sentence contravenes the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). (Doc. # 88 at 5). The court in *Montanez* held that drug-trafficking convictions under Ohio Rev. Code §§ 2925.03(A)(6) and (9) do not qualify as career-offender predicate offenses. (Doc. # 85 at 10). As Judge Ingram pointed out, however, *Montanez* says nothing about whether a prior conviction under subsection *two* of § 2925.03(A) may qualify as a predicate offense under U.S.S.G. § 4B1.1. Defendant's only argument for why *Montanez* applies here is that the *Montanez* court relied on the reasoning in *United States v. Wright*, 43 F. App'x 848 (6th Cir. 2002), a case involving a conviction under subsection two of Ohio Rev. Code § 2925.03(A). However, *Wright*, like *Robinson*, points in favor of Defendant being a career offender. The court in *Wright* relied on Defendant's state-court indictment, which, like Combs's indictment, contained language almost identical to that in § 2925.03(A)(2). 43 F. App'x at 852-53. This language, the court held, left "little doubt" that the defendant's conviction was for a "controlled substance offense." *Id.* at 853.

9

Finally, the Court rejects Defendant's argument that the Supreme Court's decision in *United States v. Mathis* affects the outcome of this case. (Doc. # 88 at 6). The Court in *Mathis* held that in certain circumstances, a sentencing court would be limited to reviewing "the indictment, jury instructions, or [the] plea agreement and colloquy" when analyzing whether a defendant's prior conviction counts as a "controlled substance offense." 136 S. Ct. 2243, 2249 (2016). Here, however, the sentencing court relied on Defendant's state-court indictment, which is one of the types of documents expressly permitted by *Mathis*. *Id.* The sentencing court thus acted properly in finding Defendant to be a career offender under the Sentencing Guidelines.

As Defendant was properly sentenced as a career offender, his attorney's failure to object to his career-offender designation at the sentencing-phase was not ineffective assistance of counsel. *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). Thus, Defendant's Objection to the Magistrate Judge's R&R on this basis is **overruled**.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant's Objections to the Magistrate Judge's R&R (Doc. # 88) are hereby **OVERRULED**;

(2) the Magistrate Judge's Report and Recommendation (Doc. # 85) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 68) be, and is hereby, **DENIED**;

(4) the Court determines there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(5) this matter be, and is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6) a Judgment shall be entered contemporaneously herewith.

This 20th day of August, 2019.



J:\DATA\ORDERS\Covington Criminal\2017\17-20 Order Adopting R&R re 2255.docx